# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| APPLEWOOD PROPERTIES, INC., <br> RONNIE CHASSE and PHYLLIS CHASSE, <br> Plaintiffs, <br> vs. <br> SIGNATURE BUILDING SYSTEMS, INC., <br> Defendant. | CIVIL ACTION <br> DOCKET NO. 07-40002-TSH |

## ORDER
March 24, 2011

Hillman, M.J.

### Nature of the Proceeding

By Order of Reference dated July 27, 2007 and with the voluntary written consent of the parties, this case was referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. This Order addresses Defendant Signature Building Systems, Inc.'s Motion For Entry Of Further Amended Judgement On Award Of Attorneys' Fees To Defendant (Docket No. 129) and the Motion For New Trial Filed By Plaintiff Applewood Properties, Inc. (Docket No. 130).

In its motion, Signature Building Systems, Inc. ("Signature" or "Defendant") requests that the Court further amend the judgment to reflect that the attorneys' fees and costs awarded to it in connection with its motion to compel be entered against all of the originally name Plaintiffs,

that is, Applewood Properties, Inc. ("Applewood") *and* Ronne Chasse and Phyllis Chasse. In Applewood's motion, it seeks a new trial on the ground that the jury committed error when it failed to award damages despite finding Signature liable for breach of an express and implied warranty.

**Background**

Applewood and the Chasses filed suit against Signature alleging claims for Breach of Contract (Count I), Breach of Express Warranty (Count II), Breach of Implied Warranty of Merchantability (Count III), Breach of Implied Warranty of Fitness For Particular Purpose (Count IV), Violation of The Massachusetts Consumer Protection Act, Mass.Gen.L., ch. 93A, §11 ("Chapter 93A") (Count V) and Rescission (Count VI), as the result of alleged defects in a modular home which Plaintiffs purchased from Signature.[1]

After various rulings by the Court and/or stipulations of dismissal by the Plaintiffs, the following claims were submitted to the jury: Applewood's claim for breach of an express warranty, Applewood's claim for breach of an implied warranty of merchantability and Applewood's claim under Chapter 93A. The jury found that Signature had breached both an express warranty and the implied warranty of merchantability, but that Applewood was not entitled to any damages. The jury found for Signature on Applewood's Chapter 93A claim.[2]

---

[1] In their Memorandum Of Law In Support of Mot. For New Trial Filed By Plaintiff Applewood Properties, Inc. (Docket No. 131)("Pls' Mem."), Plaintiffs state that they also asserted a claim for breach of the implied warranty of habitability. However, Plaintiffs' never asserted an independent claim for breach of the implied warranty of habitability in any pleading, nor did they otherwise raise such a claim during the course of the proceedings.

[2] Applewood does not seek a new trial with respect to its Chapter 93A claim.

## Signature's Motion to Further Amend the Judgment

On May 12, 2009, I issued an Order (Docket No. 68)("May 2009 Order") in which I ordered that the Plaintiffs, which at the time included Applewood and the Chasses, pay Signature's attorney's fees and other costs and expenses relating to its motion to compel invasive testing. It is clear from my May 2009 Order that I was imposing sanctions on the Plaintiffs, primarily as a result of conduct of the Chasses' and/or Plaintiffs' counsel. I deferred ruling on the amount of sanctions to be imposed until after completion of the trial. On September 23, 2010, I issued a Further Order On Defendant's Motion For Sanctions, Attorney's Fees, And Costs (Docket #46)(Docket No. 125), in which I ordered awarded Signature attorney's fees and costs in the amount of $25,000.[3]

Judgment entered in the case on September 29, 2010. On that same date, Signature filed a motion, Defendant Signature Building Systems, Inc.'s Motion For Entry Of Judgement On Award Of Attorneys' To Defendant (Docket No. 127), requesting that the Court either file a separate judgment on the award of attorney's fees and costs to be imposed against the Plaintiffs or entry of a corrected judgement reflecting such award. On September 30, 2010, an Amended Judgement (Docket No. 128) entered; the caption of the Amended Judgment refers only to "Applewood Properties, Inc." and the Chasses are not mentioned therein.

---

[3] On May 18, 2009, Signature filed a memorandum with supporting affidavits in which it sought attorney's fees in the amount of $28,637.50 and costs in the amount of $12,177.99. Since it may not be obvious from my prior Order, I want to make clear that having previously served as a Massachusetts state court judge for many years and having been a U.S. Magistrate Judge sitting in both Boston and Worcester, MA, I am familiar with the legal rates charged by lawyers in Boston and Central Massachusetts and find that $600.00 per hour is a reasonable rate for Attorney Dimento, an experienced senior partner; that $300 per hour is a reasonable rate for Jason A. Kosow, a senior associate with some ten years experience; and that $250 per hour is a reasonable rate for Attorney Cordero, an experienced in-house counsel. Additionally, Signature submitted a detailed invoice of costs incurred related to their expert/consultants, as well as mileage and other ministerial costs associated with the motion to compel. I find all such costs to have been reasonable. I also find the hours spent on the matter by counsel to be reasonable given the complexity of the issues and the various hurdles created by the Plaintiffs. At the same time, I find that there was some duplication among the attorneys and therefore, I have reduced the total amount of the award to $25,000.

On September 30, 2010, Signature filed its motion to further amend the judgment to reflect that the attorney's fees and costs awarded to Signature should be against Applewood *and* the Chasses. The caption of the Amended Judgment should have included the Chasses to reflect both that judgment was entered in favor of the Signature with respect to their claims, and because it is the intent of this Court that the Chasses be liable to Signature for the attorney's fees and costs awarded in connection with the motion to compel. Therefore, Signature's motion to further amend the judgment is allowed, and a Second Amended Judgment shall enter.[4] Additionally, the Second Amended Judgment shall reflect that the $25,000 in attorney's fees and costs awarded to Signature is to be imposed in connection with the imposition of sanctions against the Plaintiffs. Signature is also awarded it costs as prevailing party in accordance with Fed.R.Civ.P. 54(d)(1).

## **Applewood's Motion for a New Trial**

Applewood has filed a motion for new trial pursuant to Fed.R.Crim.P. 59. In support of its motion, Applewood argues that the jury committed error when it failed to award Applewood damages after finding Signature liable for breach of an express and implied warranty. Applewood further argues that the jury's error was the result of the exclusion of evidence concerning Applewood's longstanding efforts to obtain relief through the Massachusetts' Board of Building Regulations and Standards ("BBRS").

### *Facts Relating To Motion For New Trial*

---

[4]Further amending the judgment to include the Chasses may well be a moot point. In the Motion of the Plaintiff, Applewood Properties, Inc. To Amend the Complaint To Conform the Complaint to the Evidence Pursuant To F.R.C.P. 15(b)(Docket No. 38), Applewood requested that the complaint be amended to include the Chasses as direct party plaintiffs and in support of the request stated that "[t]he Chasses are principals of Applewood, and have, at times, operated Applewood as an alter ego of their personal business interests". *Id.*, at p. 1. Given the admission, it is likely that the Chasses can be personally held liable for any sanctions or other costs imposed against Applewood.

In March 2005, the Plaintiffs, who were in the business of developing residential lots with modular home units ordered a modular home from Signature, to be sited at 247 Goodale Street in West Boylston, Massachusetts. Signature delivered the modular home in August 2005, and it was placed on the foundation which had been prepared by the Plaintiffs.

On or about August 22, 2005, the Ron Chasse submitted a punch list to Signature, *i.e.,* a list of items that were missing from the modular home or that required service or repair. Those items were either repaired by Signature's service men, or Applewood was reimbursed or credited by Signature for the cost of the repair or missing item. On December 12, 2005, a Certificate of Occupancy was issued for the residence.

Thereafter, multiple defects were identified, including, but certainly not limited to, nails missing roof rafters and multiple "screw pops" throughout the residence, *i.e.,* screw or nail heads protruding through the ceiling or wall surface. Contrary to the findings of the West Boylston Building Inspector and the original findings of the BBRS, the various defects attributable to Signature did not undermine the structural integrity of the residence.

Prior to trial, Signature filed a motion *in limine*, Defendant Signature Building Systems Inc's First Motion In Limine (Docket No. 103), to exclude any and all references to the actions of the BBRS on the grounds that the probative value of any information relating thereto would be outweighed by the prejudicial effect. I allowed the motion. At trial, Victor DePhillilps, president of Signature, testified that Signature had undertaken to make all necessary repairs to the modular home and that it did so because it was the right thing to do. Plaintiffs' counsel objected that the testimony was misleading. The objection was sustained and Plaintiffs' counsel was permitted to elicit a testimony from DePhillilps that the BBRS had ordered Signature to

make the repairs and that the BBRS continued to be involved in overseeing Signature's repair of the home.  Plaintiffs' request for permission to introduce all evidence of the BBRS's proceedings was denied.

During the second day of deliberations, the jury submitted a note which included the following request: "Can we see the BBRS' order [sic] ?" *See* attachment to Docket No. 122. Because the BBRS's Order had not been admitted into evidence, the jury was not permitted to see it.

After the trial had conclude, Plaintiffs' counsel received an unsolicited e-mail from a juror which stated as follows:

> I was a juror on the Applewood v. Signature Systems [sic] trial.  I'd like to reach out to you to offer my feedback, if you are interested.
>
> I can tell you that I personally tried very hard, and from several angles, to find a way to award damages to your client.  However, I was unable to do so based on the collective jury's understanding of the court's instructions-- specifically, Applewood's duty, under the circumstances, to take reasonable action to minimize or lesson [sic] damages.  That's what it ultimately came down to.
>
> I assume there are no issues/conflicts by offering my feedback, but if I'm mistaken please let me know.
>
> Please feel free to contact me at your convenience, and I'd be happy to share the key Jury perceptions, as constructive feedback.

*See* Attachment to *Pl's Mem.* (Docket No. 131-6).[5]

---

[5]Applewood cites to numerous other facts which it offered at trial.  First, without a transcript, it is impossible for the Court to confirm the accuracy of Applewood's version and secondly, even if accurate, much of the testimony which Applewood cites was vehemently challenged by Signature.

**Discussion**

A motion for new trial should be granted "only if 'the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice'". *Correia v. Feeney*, 620 F.3d 9, 11 (1st Cir. 2010). As to Applewood's contention that the jury erred by awarding no damages, "it 'is axiomatic that damage awards must be based on the evidence presented'". *Fryer v. A.S.A.P. Fire and Safety Corp. Inc.*, 680 F.Supp.2d 317 (D.Mass. 2010). Applewood's case was notably lacking as to evidence of damages. Furthermore, this was not a case where the amount and type of damages sustained would be obvious to a lay person. Nonetheless, Applewood did not designate any experts regarding the issue of damages. Therefore, at trial, the Court excluded witnesses from whom Applewood attempted to elicit expert testimony which would have sought to establish a causal link between the defects attributable to Signature and the damages allegedly sustained by Applewood. Additionally, Applewood's contention in its motion for new trial that Applewood's inability to sell the home, which it expected to do in 2005 *see Day Aff.* , is surprising, given that the Chasses testified at trial that they purchased the modular home in question not for resale, but to use as their own permanent residence[6] Furthermore, Signature offered substantial evidence that it had either repaired all of the defects for which it was responsible, or was in the process of completing repairs. Simply put, Applewood failed to meet its burden of proof on damages.

Applewood's contention that it is entitled to a new trial because it was not allowed to offer evidence of the BBRS proceedings at trial is denied. First, given that the BBRS's original

---

[6]At the same time, the Chasses' trial testimony to this effect conflicted with the position they took prior to trial when, on numerous occasions, their prior attorney asserted that the modular home was purchased by Applewood for re-sale. More importantly, at trial, Richard Hott testified that the Chasse's had told him that they intended to sell the modular home, which undercut the Chasses' testimony to the contrary and quite frankly, undermined their credibility not only on this specific issue, but as to their testimony in general.

findings were based on unsupported assumptions and/or findings that were later overturned, such evidence would have been far more prejudicial than probative. Furthermore, it was made evident during the pre-trial proceedings that the Plaintiffs and their counsel were largely responsible for prolonging the BBRS proceedings. Therefore, allowing in evidence concerning the Plaintiffs' complaint with the BBRS would have necessarily led to a secondary trial not only as to the suspect findings of the administrative board, but also as to the often spurious tactics engaged in by the Plaintiffs and their counsel, which delayed those proceedings.[7] Second, Applewood was permitted to elicit testimony that there were proceedings before the BBRS and that it was those proceeding which, at least in part, compelled Signature to undertake repairs. Applewood also elicited that fact that the BBRS was overseeing the repairs. This testimony allowed Applewood to make its argument to the jury that it had taken steps to obtain relief.

As to the juror's somewhat ambiguous note concerning his/her own deliberations on the issue of damages, I do not find that it is sufficient to warrant a new trial. The substance of the note states, essentially, that the juror would personally have liked to award damages to Applewood, but based on the jury instructions was unable to do so. Since the juror's e-mail does not raise any claims of extraneous prejudicial information", "outside influence", or a "mistake in entering the verdict onto the verdict form", it is not competent evidence which this Court can consider in deciding the motion for new trial. *See* Fed.R.Evid. 606 (governing inquiry into validity of verdict; rule expressly disqualifies juror testimony concerning jurors' mental

---

[7] Current counsel can be excused for being unfamiliar with the full pre-trial machinations undertaken by Plaintiffs and their prior counsel, much of which is not fairly reflected in the record. Suffice to say that admitting evidence relating to the BBRS proceedings would certainly be a double edged sword for the Plaintiffs. On the one hand, Applewood suggests such evidence would have allowed the jury to find that it attempted to mitigate its damages. On the other hand, it would have opened the door for Signature to offer evidence of conduct of Plaintiffs' and their counsel which led to a lengthy delay in both the BBRS proceedings and this case, which would likely undercut their mitigation argument.

processes in connection with deliberation); *see also Tanner v. United States*, 483 U.S. 107, 107 S.Ct. 2739 (1987)("the near-universal and firmly established common-law rule in the United States flatly prohibits the admission of juror testimony to impeach a verdict:"); *Munafo v. Metropolitan Transport Auth.*, 277 F.Supp.2d 163 (E.D.N.Y. 2003)(discussing in detail reasoning behind rule that court will not inquire into jury deliberations, except under limited specified circumstances) .

For the reasons set forth above, Applewood's motion for a new trial is denied.

## Conclusion

1.  Defendant Signature Building Systems, Inc.'s Motion For Entry Of Further Amended Judgement On Award Of Attorneys' Fees To Defendant (Docket No. 129) is ***allowed,*** as provided in this Order[8]; and.

2.  the Motion For New Trial Filed By Plaintiff Applewood Properties, Inc. (Docket No. 130) is ***denied***.

                                              **/s/ Timothy S. Hillman**
                                              TIMOTHY S. HILLMAN
                                              MAGISTRATE JUDGE

---

[8] A Second Amended Judgement shall enter reflecting that $25,000 in attorney's fees and costs shall be imposed against Applewood Properties, Inc., Ronnie Chasse and Phyllis Chasse for the reasons set forth herein and in my prior orders imposing sanctions against the Plaintiffs. Furthermore, the judgment shall reflect that Signature shall be entitled to recover costs as the prevailing party, against all Plaintiffs, in accordance with Fed.R.Civ.P. 54(d)(1).